UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. Goins, <br> *a.k.a. Michael Goins*, <br><br> Plaintiff, <br><br> vs. <br><br> Investigator Elbert Pearson; <br> Sgt. C. Long; <br> Cpl. Council; <br> Miriam Cocciolone; <br> Bernard Mackey; <br> Jon Ozmint, each in their official capacities and in their individual capacities, <br><br> Defendants. | ) C/A No. 4:12-3494-CMC-TER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) for Partial Summary Dismissal <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at Perry Correctional Institution, alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to a district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the following defendants from this action, without prejudice and without issuance and service of process: Miriam Cocciolone; Bernard Mackey; and Jon Ozmint. In a separately docketed order, the undersigned has authorized service against the remaining defendants.

Factual and Procedural Background

The complaint alleges that unidentified officers at Kirkland Correctional Institution ("KCI") confiscated Plaintiff's legal documents and other personal property on May 14, 2009, after allegedly finding contraband in Plaintiff's belongings. ECF No. 1, pages 4–5. Plaintiff claims the property

was taken to defendant Investigator Elbert Pearson for inspection, and alleges that defendants Cpl. Long and Cpl. Council were involved with the retention of Plaintiff's confiscated legal items. *Id.* Plaintiff requested return of his property by filing grievances, but alleges that the property has not been returned, resulting in Plaintiff missing the deadline to file his "motion for reconsideration and also for [his] direct appeal to be dismissed." *Id.* at 5. It appears the complaint names defendants Miriam Cocciolone[1] and Bernard Mackey for the denial of Plaintiff's institutional grievances regarding the confiscated property. *Id.* at 4. Defendant Ozmint is named as the Director of the South Carolina Department of Corrections ("SCDC") during the relevant time-frame. *Id.* Plaintiff seeks monetary damages. *Id.* at 7.

## Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

---

[1] Plaintiff also refers to Miriam Cocciolone as "Inmate Grievance Coordinator Ms. Mirrian Conccilone-Snyder" and "IGC Mrs. M. Snyder" in the service documents.

2

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While the complaint provides sufficient factual allegations against defendants Pearson, Long, and Council to withstand dismissal at the initial stage of review, Plaintiff's claims against defendants Cocciolone, Mackey, and Ozmint should be summarily dismissed. First, the complaint provides no facts to indicate that defendants Cocciolone, Mackey, or Ozmint were personally involved in the confiscation of, or otherwise handled, Plaintiff's legal materials. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Sheppard v. Forrest*, C/A No. 4:11-486-CMC-TER, 2012 WL 3561040 at *8 (D.S.C. July 30, 2012); *Howard v. Childs*, C/A No. 3:11-3418-JFA-SVH, 2012 WL 527596 at *4 (D.S.C. Jan. 19, 2012). Thus, to the extent Plaintiff alleges denial of court access against defendants Cocciolone, Mackey, and Ozmint for the confiscation or retention of Plaintiff's legal documents, such claims are subject to summary dismissal.

However, it appears that defendants Cocciolone and Mackey are more likely named in the complaint for the denial of Plaintiff's institutional grievances. Inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D.Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims against defendants Cocciolone and Mackey, for denial of Plaintiff's grievances, are not cognizable under 42 U.S.C. § 1983.

Further, it is possible that Plaintiff sues defendant Ozmint in his capacity as Director of SCDC and defendant Mackey in his capacity as Warden of KCI. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan,* 737 F.2d at 373. The instant complaint fails to demonstrate that defendants Ozmint and Mackey were aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff, or deliberately indifferent to any such risk. As Plaintiff provides insufficient factual allegations to hold defendants Ozmint and Mackey liable in their capacity as supervisors, they should be summarily dismissed from this case.

## Conclusion

Accordingly, it is recommended that defendants Miriam Cocciolone, Bernard Mackey, and Jon Ozmint be dismissed from this case, *without prejudice* and without issuance and service of process.

IT IS SO RECOMMENDED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 6, 2013
Florence, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).