UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL D. GOINS, ) | Civil Action No.: 4:12-cv-3494-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| INVESTIGATOR ELBERT PEARSON, ) | |
| SGT. C. LONG, CPL. COUNCIL, ) | |
| MIRIAM COCCIOLONE, BERNARD ) | |
| MACKEY and JON OZMINT, in their ) | |
| official and individual capacities; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Several motions are pending. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. The undersigned will address each motion in turn.

    A.    Plaintiff's Motion to Enlarge Time (Document # 48)

In this Motion, Plaintiff seeks to enlarge the time within which to serve Defendant Sgt. C. Long. A Deputy United States Marshal filed an Unexecuted Return (Document # 38) for Defendant Long indicating that he first attempted to serve Defendant Long by certified mail at the address provided by Plaintiff, which was returned as unclaimed. He then attempted to personally serve Defendant Long but was unable to identify or locate a white male with the last name Long after investigating the matter. In the Order (Document # 9) authorizing service of process, Plaintiff was warned that he "must provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendant, and un-served defendants may be dismissed as parties to this case." Because the

information provided by Plaintiff was insufficient to allow the Deputy United States Marshal to serve Defendant Long, Plaintiff's Motion is denied.

      B.      Plaintiff's Motion to Compel (Document # 55)

Here, Plaintiff moves for an order compelling Defendants Pearson and Council to respond to his First Set of Discovery Material and First Set of Interrogatories. Plaintiff argues that, following an extension granted by the court, these Defendants' discovery responses were due July 1, 2013, and Defendants had failed to serve their responses by this deadline. However, Defendants sought and were granted a second extension until July 26, 2013, to serve their responses. Thus, this Motion is denied.

      C.      Plaintiff's Motion for Sanctions (Document # 56)

Plaintiff seeks sanctions against Defendants Pearson and Council for requesting a second extension of time to respond to Plaintiff's discovery requests. However, at the time Plaintiff's Motion was filed, the request for the extension of time had already been granted. Counsel for Defendants established good cause for requesting the extension in light of counsel's difficulty in locating Defendant Council, who is no longer employed with the South Carolina Department of Corrections. Accordingly, this motion is denied.

      D.      Plaintiff's Motion to Strike and for Sanctions (Document # 59)

Although entitled a Motion to Strike, Plaintiff actually seeks to compel Defendants to produce documents he requested in his discovery requests and for sanctions for their failure to produce them in the first instance. Specifically, Plaintiff requested that Defendants produce "any and all documents that relate to this case that are electronically stored such as reports taken by Inmate Grievance Coordinator of Grievance No. 1321-09, etc...." Motion p. 1. Defendants responded "None" to this request. Defendants argue that the only documents in their possession

regarding this grievance are communications by email and memorandum concerning Plaintiff's allegations, to which Plaintiff is not entitled. However, Defendants does not articulate why Plaintiff is not entitled to this information. Therefore, Plaintiff's Motion is granted with respect to this request for production and Defendants must either produce the documents responsive to this request or a privilege log in accordance with Rule 26, Fed.R.Civ.P., no later than March 20, 2014. Plaintiff's request for sanctions is denied.

E.     Plaintiff's Motion to Compel (Document # 60)

Here, Plaintiff seeks an order compelling Defendants to fully respond to his discovery requests. First, Plaintiff seeks to compel Defendants to provide certain "SCDC Policy/Procedure that relate to the case at hand." Motion p. 1. Defendants responded that copies of non-restricted policies are available at the institution law library. Plaintiff argues that the law library allows him only three policies at a time and that he can keep them for only twenty-four hours. Rule 26(b)(2)(C)(i), Fed.R.Civ.P., provides that discovery may be limited where it can be obtained from some other source that is more convenient, less burdensome or less expensive. However, Defendant has not argued that production of the non-restricted policies is inconvenient, burdensome or expensive. Thus, Plaintiff's Motion to Compel is granted with respect to the specific, non-restricted policies sought in his request for production.

However, Plaintiff also seeks production of a restricted policy on security threat groups. Defendants argue that security threat groups are a major safety issue within SCDC institutions, and Plaintiff's knowledge of the particulars of that policy would alert security threat groups to measures in place and procedures utilized to minimize and control those groups. A court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. The burden to the security of SCDC institutions that would be caused by production of this restricted

policy outweighs Plaintiff's benefit in receiving it. Further, the court notes that prisoners do not have a constitutionally recognized liberty interest in a particular security classification. Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (no constitutional right under the Due Process Clause to a particular security classification or prison placement). In addition, prison regulations are valid if they are reasonably related to a legitimate penological interest and substantial deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir.1993) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Thus, Plaintiff's motion is denied with respect to policy OP-21.01 Security Threat Groups.

Next, Plaintiff asks that the court compel production of the Warden's jacket and classification records. Plaintiff asserts that the Warden's jacket contains all materials concerning Plaintiff's incarceration within SCDC. Defendants objected to producing this information and argue that the vast majority of the documents within the Warden's jacket are unrelated to Plaintiff's claims. Defendants also argue that Plaintiff has not raised in his Complaint that he was improperly classified and, thus, his classification records are also irrelevant. Defendants also argue that providing Plaintiff with all of the documents within the Warden's jacket as well as classification records amounts to a security risk. Nothing withstanding their objections, Defendants produced all Inmate Property Inventories contained within the Warden's jacket. Plaintiff argues that the Warden's jacket as well as the classification records would include documentation as to whether Plaintiff has been identified as having a known gang or security threat group affiliation, and, thus, they are relevant to his claims. However, Plaintiff's discovery request is overly broad and not limited to the information relevant to his claims. Furthermore, as discussed above, Plaintiff has not constitutional right to a particular security classification and deference is given to prison officials with respect to security concerns.

Thus, this request is denied.

Plaintiff also asks for "any and all tangible exhibits, paperwork, etc. that was taken from Plaintiff that the Defendants claim[] was 'STG' related material . . . ." as well as a copy of the incident report created following the seizure of such property. Defendants responded they do not have the property Plaintiff alleges was taken from him in 2009. Thus, Plaintiff's Motion to Compel is denied as to this request.

Plaintiff seeks a copy of the SCDC log sheet that sets forth the names of the SCDC staff members assigned to inmate intake at Kershaw Correctional Institution R&E on May 14, 2009. Defendants object, citing security concerns. However, Defendants fail to identify the security risk in producing these log sheets. Therefore, Plaintiff's Motion to Compel is granted with respect to this request.

Plaintiff also asks for Defendants' personnel files. Defendants objected, arguing that the requested information is irrelevant and release of such information would pose a security risk to Defendants and their families because the files contain information regarding Defendants' residences and relatives. Plaintiff fails to show that the requested information is relevant. Accordingly, his Motion to Compel is denied on this issue.

Finally, Plaintiff requests his full disciplinary history, which Defendants provided. Plaintiff argues that the documents produced do not include his full disciplinary history. Defendants argue that they have fully responded to Plaintiff's request and are unsure of what additional documents Plaintiff is seeking. Plaintiff does not specify why Defendants' response was insufficient. Thus, Plaintiff's Motion to Compel is denied on this issue as well.

In sum, Plaintiff's Motion to Compel is granted with respect to the SCDC policies requested by Plaintiff other than policy OP-21.01 Security Threat Group and the SCDC log sheet that sets forth

the names of the SCDC staff members assigned to inmate intake at Kershaw Correctional Institution R&E on May 14, 2009.  Defendants must produce these documents no later than March 20, 2014.  Plaintiff's Motion to Compel is denied in all other respects.

  F. Plaintiff's Motion for Extension of Time

Plaintiff moves for an extension of time to respond to Defendants' Motion for Summary Judgment pending a ruling on his Motions to Compel.  This request is granted.  Plaintiff's response to the Motion for Summary Judgment is due no later than April 4, 2014.

For the reasons discussed above, Plaintiff's Motion to Enlarge Time (Document # 48) is **DENIED**, Plaintiff's Motion to Compel (Document # 55) is **DENIED**, Plaintiff's Motion for Sanctions (Document # 56) is **DENIED**, Plaintiff's Motion to Strike and for Sanctions (Document # 59) is **GRANTED** in part and **DENIED** in part as set forth above, Plaintiff's Motion to Compel (Document # 60) is **GRANTED** in part and **DENIED** in part as set forth above, and Plaintiff's Motions for Extension of Time (Documents # 84, 89, 91, 96, 99) are **GRANTED**.  **Defendants must produce the documents discussed above with respect to Plaintiff's Motion to Strike and for Sanctions (Document # 59) and Motion to Compel (Document # 60) by March 20, 2014. Plaintiff's deadline to file a Response to Defendants' Motion for Summary Judgment is April 4, 2014.**

  **IT IS SO ORDERED.**

             s/Thomas E. Rogers, III
             Thomas E. Rogers, III
             United States Magistrate Judge

March 5, 2014
Florence, South Carolina