UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL D. GOINS, | ) | Civil Action No.: 4:12-cv-3494-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| INVESTIGATOR ELBERT PEARSON, | ) | |
| SGT. C. LONG, and CPL. COUNCIL, | ) | |
| each in their official and individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.      INTRODUCTION

Plaintiff, who is proceeding pro se, is an inmate incarcerated with the South Carolina

Department of Corrections (SCDC).  Plaintiff brings this action pursuant to 42 U.S.C. § 1983,

alleging that Defendants seized his personal property in violation of the First, Fourth, Eighth, and

Fourteenth Amendments.  He also alleges a state law cause of action for gross negligence.  Presently

before the Court is Defendants' Motion for Summary Judgment (Document # 78).  Because he is

proceeding pro se, Plaintiff was warned pursuant to  Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), that a failure to respond to Defendants' Motion could result in the dismissal of his claims.

Following an extension of time, Plaintiff timely filed a Response (Document # 105) to the Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of

28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This Report and

Recommendation is entered for review by the District Judge.

## II.     STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper.  Summary

judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to

judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any

cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute for trial on a

material element of the non-moving party's claims, the non-moving party bears the burden of coming

forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita

Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party

must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could

reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and

inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving

party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may

not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary

judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on

must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."

Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere

allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324.  Rather, the party must present

evidence supporting his or her position by "citing to particular parts of materials in the record,

including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory

answers, or other materials."  Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v.

Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir.

1993); Local Rules 7.04, 7.05, D.S.C.

## III.    STATUTE OF LIMITATIONS

Plaintiff alleges that on May 14, 2009, while at Kirkland Correctional Institution Reception and Evaluation, Defendants searched and seized his personal property in violation of various Constitutional protections.  In their Answer, Defendants assert the statute of limitations as an affirmative defense and argue that summary judgment is appropriate as a result.

Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in Jones v. R .R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. See S.C.Code Ann. § 15-3-530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006).  Plaintiff's state law gross negligence claim falls under the South Carolina Tort Claims Act, which provides a two year statute of limitations.  S.C. Code Ann. § 15-78-110.  Accordingly, because Plaintiff's claims arise out of an event that occurred on May 14, 2009, the present action, which was filed on December 13, 2012, falls outside both applicable statutes of limitation.

Plaintiff argues that Defendants should be estopped from asserting a statute of limitations defense because Plaintiff's delay in filing this action was a result of Defendants' reassurances that

Plaintiff's property would be returned to him.  A defendant may be estopped from asserting a statute

of limitations defense if "the delay that otherwise would give operation to the statute had been induced

by the defendant's conduct."  Wiggins v. Edwards, 442 S.E.2d 169, 171 (S.C.1994) (quoting Dillon

Co. Sch. Dist. Two v. Lewis Sheet Metal, 332 S.E.2d 555, 561 (Ct.App.1985)).[1] "This may consist

of an express representation that the claim will be settled without litigation or conduct that suggests

a lawsuit is not necessary." Id. (citing Lewis Sheet Metal, 332 S.E.2d at 561; Rink v. Richland

Memorial Hospital, 422 S.E.2d 747 (1992)). Thus, to prove equitable estoppel, Plaintiff must have

"reasonably relied on the words and conduct of the person to be estopped in allowing the limitations

period to expire." Dilmar Oil Co., Inc. v. Federated Mutual Insurance Co., 986 F.Supp. 959, 975

(D.S.C.1997).

　　　　In his Response, Plaintiff argues that Defendants told both him and his mother that his property

would be returned several times between 2009 and 2012.  Pl. Response p. 13.  However, as stated

above, a party opposing summary judgment must present evidence supporting his or her position by

"citing to particular parts of materials in the record, including depositions, documents, electronically

stored information, affidavits or declarations, stipulations (including those made for purposes of the

motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A).

The evidence Plaintiff offers in support of this argument is his mother's affidavit, in which she avers

that between June of 2009 until approximately October of 2010, she spoke to Defendants Long and

Council two or three times and they told her that they were backed up but the property would be

returned to Plaintiff soon.  Rembert Aff. ¶ 3 (Ex. B to Pl. Response).   Plaintiff submits an affidavit

---

[1]In Board of Regents v. Tomanio, 446 U.S. 478, 484-86, 100 S.Ct. 1790, 64 L.Ed.2d 440
(1980), the Supreme Court held federal courts were obligated not only to apply the analogous
state statute of limitations to federal constitutional claims brought under § 1983, but also to apply
the state's rules for estoppel of that statute of limitations.

as well, but it contains no averments indicating that Defendants told him his property would be returned. In fact, Plaintiff avers that he sent over twenty different request to staff forms to Defendants, asking them to return his property, and they never responded. Pl. Aff. ¶ 7 (Ex. B to Pl. Response). Thus, the evidence in the record, taken in the light most favorable to Plaintiff, shows that the last reassurance given by Defendants that Plaintiff's property would be returned to him was in October of 2010, approximately eighteen months prior to the May 2012 statute of limitations. There is insufficient evidence in the record to support Plaintiff's argument that he "reasonably relied on the words and conduct of [Defendants] in allowing the limitations period to expire." Dilmar Oil Co., 986 F.Supp. at 975. Accordingly, Plaintiff's equitable estoppel argument fails and summary judgment is appropriate.[2]

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 78) be granted and this case be dismissed in its entirety.[3]

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 9, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[2]Summary Judgment is also appropriate in this action because it is well settled that the deprivation of an inmate's personal property does not rise to the level of a constitutional violation. Daniels v. Williams, 474 US 327, 328-336 (1986); Mora v. City of Gaithersburg, 519 F.3d 216, 230-231 (4th Cir. 2008); Bogart v. Chapell, 396 F.3d 548, 561-563 (4th Cir. 2005). Further, because summary judgment is appropriate as to Plaintiff's federal causes of action, the court may decline to exercise supplemental jurisdiction over any state law causes of action. See 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995).

[3]If the district judge accepts this recommendation, all other pending motions will be moot.