IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. Goins, ) | |
| ) | No: 4:12-cv-3494-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Investigator Elbert Pearson, ) | |
| Sgt. C. Long, and Cpl. Council, ) | |
| each in their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 107). As set forth below, the Court agrees with the recommendation of the Magistrate Judge and grants Defendants' motion for summary judgment in part.

## Background

Michael D. Goins ("Plaintiff") is incarcerated in Perry Correctional Institution and brings this action, pro se, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1 at 2). Plaintiff alleges that Defendants seized his personal property in violation of his Constitutional rights and that Defendants were grossly negligent. (*Id.* at 6). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was referred to a United States Magistrate Judge for pretrial proceedings.

Plaintiff alleges that on May 14, 2009, unknown officers at the South Carolina Department of Corrections seized his property. (*Id.* at 4). Plaintiff alleges that he tried to make contact with Defendant Pearson in order to retrieve his property, but that he never saw any of the Defendants. (*Id.* at 5). Plaintiff alleges that when he arrived at Perry Correctional Institution, a

1

lieutenant told him that Defendant Long would hold a meeting and then return the property. (*Id.* at 5). Plaintiff alleges that he attempted several times to have his property returned to no avail, (*id.* at 6), and that his mother allegedly inquired about the property from 2009 until 2011. (*Id.*). Plaintiff further alleges that in April 2010 and May 2012, Defendants told him that he would get his property soon. (Dkt. No. 105-1 at 11).

In December 2012, Plaintiff commenced this action, (Dkt. No. 1), and Defendants moved for Summary Judgment on September 13, 2013. (Dkt. No. 78). Plaintiff then filed a response opposing the motion. (Dkt. No. 105). The Magistrate Judge then issued the present R&R recommending the Court grant Defendants' Motion for Summary Judgment. (Dkt. No. 107 at 5). Plaintiff then filed a timely written objection to the Magistrate Judge's R&R. (Dkt. No. 110).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with the recommendation of the Magistrate Judge as set forth below.

Plaintiff's action arises from an allegation that on May 14, 2009, while at Kirkland Correctional Institution Reception and Evaluation, Defendants searched and seized his personal property and have since failed to return it to him. In their affidavits, Defendants assert they cannot locate the alleged property or even know of its existence. (Dkt. Nos. 78-2, 78-3). A claim regarding Plaintiff's lost personal property is not cognizable under § 1983 because Plaintiff has adequate remedies under state law, particularly under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10—220. *See McNeil v. Campbell*, No. 4:08-cv-601-TLW, 2008 WL 5378252, at *2 (D.S.C. Dec. 23, 2008) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Therefore, Defendants are entitled to summary judgment as to Plaintiff's § 1983 claims. To the extent that Plaintiff's complaint raises state-law causes of action, the Court declines to exercise jurisdiction over them. 28 U.S.C. § 1367(c)(3).[1] The Court expressly does not rule on Defendants' statute of limitations defense.

## Conclusion

As stated above, the Court agrees with the Magistrate Judge's recommendation and therefore grants the Defendants' Motion for Summary Judgment in part. (Dkt. No. 78). Specifically, Plaintiff's claims under 42 U.S.C. § 1983 are dismissed with prejudice, and any state-law claims are dismissed without prejudice for lack of jurisdiction. All other pending motions are denied as moot.

---

[1] Plaintiff of course may file his state-law claims in state court. The Court further notes that, as long as Plaintiff is diligent about filing his state-court complaint, the law provides that this dismissal for lack of jurisdiction will have no effect on a statute of limitations argument. 28 U.S.C. § 1367(d) (providing thirty-day window to file in state court).

3

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 2̱7̱, 2014
Charleston, South Carolina

4